UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **3D GLOBAL SOLUTIONS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 06-722 (GK) |
| | : | |
| **MVM, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER SETTING INITIAL SCHEDULING CONFERENCE**

The above-captioned case has been assigned to this Judge for resolution. The Initial Scheduling Conference is set for **July 19, 2006 at 10:00 a.m.** in Courtroom 26A (Fourth Floor of new Annex). Counsel who attend must be sufficiently familiar with the case to answer any questions which arise; parties are welcome and are encouraged to attend.

Pursuant to Rule 16.3 of the Local Rules and Fed. R. Civ. P. 26(f) and 1, counsel shall submit their Joint Meet and Confer Statement addressing all topics listed in Rule 16.3(c) no later than 14 days following their meeting. Counsel are also directed to either include in their Joint Meet and Confer Statement or in a supplemental pleading to be filed no later than 72 hours prior to the Initial Scheduling Conference, a brief statement of the case and the statutory basis for all causes of action and defenses.

In considering, pursuant to Rule 16.3(c)(1) the case tracking category in which the case should be placed, counsel should be guided by the schedules contained in Appendix I to this Order.

Counsel are required to comply with Local Rule 16.3 and, in particular, Rule 16.3(c), as amended August 1, 1999, and attached hereto as Appendix II. In considering what form of alternative dispute resolution the parties think the case most suited to, counsel are reminded that

amongst their options are mediation, arbitration, early neutral evaluation, summary Jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of the case.

Extensions or enlargements of time will not be granted at any time solely upon stipulation by the parties. Any requests for a continuance or other scheduling change must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter. Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Tonya Hightower (202-354-3147), or if she is unavailable, to the staff person in the Clerk's Office designated as her substitute, and not to Chambers. Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

In an emergency, however, Chambers can be reached at (202) 354-3440.


Date: June 22, 2006            _____/s/_____
                               Gladys Kessler
                               United States District Court Judge

# APPENDIX I

## Case Tracking Schedules

The following are the presumptive schedules to be followed by the Court. Variations may be appropriate in light of individual case differences. All time-frames are calculated from the date of the Initial Scheduling Conference unless otherwise indicated.

|  | Track One (Fast) | Track Two (Standard) | Track Three (Complex) |
|---|---|---|---|
| Exchange Witness Lists | 15 days | 30 days | 60 days |
| Deadline for Post-R.26(a) Discovery Requests | 30 days | 45 days | 90 days |
| Proponent's R.26(a)(2) Statements | N/A | 60 days | 120 days |
| Opponent's R. 26(a)(2) Statements | N/A | 90 days | 150 days |
| All discovery closed | 60 days | 120 days | 210 days |
| Deadline for filing motions | 75 days | 150 days | 240 days |
| Pretrial Conference | 4 months | 6-7 months | 9-12 months |

If alternative dispute resolution is ordered, the Court anticipates a 30-60 day interruption in the schedules set forth above, depending on which particular procedure is used and at what point it is used.

## APPENDIX II

### Duty to Meet and Confer

(c)     MATTERS TO BE DISCUSSED BY THE PARTIES.

At the meeting required by this Rule, the parties shall discuss the following matters:

\* \* \*

(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of ADA, what related steps should be taken to facilitate such ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

    (I)     the client's goals in bringing or defending the litigation;

    (II)     whether settlement talks have already occurred and, if so, why they did not produce an agreement;

    (III)     the point during the litigation when ADR would be most appropriate, with special consideration given to:

        (aa)     whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

        (bb)     whether ADR should take place before or after the Judicial resolution of key legal issues.

    (IV)     Whether the parties would benefit from a neutral evaluation of their cases, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case, and

    (V)     Whether cost savings or any other practical advantage would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.