IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 3D GLOBAL SOLUTIONS, INC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 1:06cv00722 (GK) |
| ) | |
| MVM, INC., ) | |
| ) | |
| *Defendant.* ) | |

### DEFENDANT MVM'S MEET AND CONFER STATEMENT

Defendant MVM, Inc. ("MVM"), by counsel, and pursuant to the Court's Orders dated June 22, 2006 and July 14, 2006, and Local Rule 16.3, files this Meet and Confer Statement. MVM's counsel attempted to contact counsel for Plaintiff 3D Global Solutions, Inc. ("3D") numerous times to discuss and prepare this Meet and Confer Statement. 3D failed to respond by yesterday mid-afternoon, so MVM drafted this pleading without 3D's input in order to meet the Court's deadline for filing this Statement. 3D finally reached MVM this morning, and MVM sent this pleading to 3D's counsel for his review. Without providing any additional input except as noted below in Paragraph 2, 3D consented to the timelines and recommendations set forth in MVM's Meet and Confer Statement.[1]

---

[1] Pursuant to instruction from this Court's clerk, MVM submitted the earlier version of this pleading via facsimile because counsel's servers were disabled at 10:00am. Because MVM incorporated 3D's edits in Paragraph 2 immediately before the filing deadline, MVM inadvertently failed to edit the first paragraph to reflect that 3D did provide some additional input before filing. Accordingly, MVM submits this pleading with more accurate statement of events in the opening paragraph.

## BRIEF STATEMENT OF THE CASE

3D's complaint ("Complaint") alleges that MVM breached a contract for the provision of security guards by not paying for security guards sent to guard the U.S. Embassy in Kabul, Afghanistan, despite the fact that the security guards 3D provided did not meet the English-language requirements of the contract. Specifically, 3D asserts three common law contract claims against MVM: (1) breach of contract, (2) promissory estoppel, and (3) unjust enrichment. In addition to these contract claims, 3D, on the same facts, tries to assert five tort claims: (1) intentional misrepresentation, (2) negligent misrepresentation, (3) concealment/non-disclosure, (4) interference with a contract or business expectancy, and (5) constructive conversion. 3D premises this Court's jurisdiction over this action on the federal diversity jurisdiction statute, 28 U.S.C. § 1332.

Two motions ("Motions") filed by MVM are currently pending before this Court. MVM's Motion for Partial Summary Judgment on the breach of contract claim is based on the fact that 3D is suing on a contract under which 3D has been paid in full. MVM also filed a Motion to Dismiss attacking the legal sufficiency of the remaining seven counts of the Complaint. Briefing on the Motions is not yet complete, and a hearing on the Motions has not yet been scheduled.

If this Court does not grant both Motions in their entirety, MVM will file responsive pleadings which include a counterclaim against 3D. The counterclaim arises from the fact that the U.S. Government terminated its security guard service contract with MVM because 3D provided security guards that failed to speak English at the required proficiency level. MVM expects the counterclaim to seek over $2 million in lost profits and out-of-pocket expenses resulting from 3D's breach.

MVM is a privately-held and family-owned business. A former 8(a) government contractor, MVM supplies security guard services to various government agencies at various locations in the United States and around the world. The market for such services is very competitive, and overall, MVM's security guard contracts yield razor-thin profit margins... Thus, the U.S. Government's termination of MVM's contract due to 3D's default dealt a severe financial blow to MVM from which it is still recovering. Indeed, MVM barely broke even last year.

## MVM'S PROPOSALS OF LOCAL RULE 16.3 MATTERS

The following are MVM's views and proposals of the mandatory topics and matters set forth in Local Rule 16.3:

1.  MVM believes there is a significant possibility that all of the claims will be disposed of by MVM's Motion to Dismiss and Motion for Partial Summary Judgment filed on June 19, 2006. 3D's Opposition to the Motions is due on July 19, 2006, and MVM's Reply is due on July 26, 2006. A hearing on the Motions has not yet been scheduled. MVM recommends that discovery and all other matters be postponed until this Court issues a decision on the Motions.

2.  MVM does not anticipate that additional parties will be joined, and that the deadline for amending pleadings shall be twenty-one (21) days after this Court issues a decision on the pending Motions. 3D may wish to add parties during or after discovery, but MVM opposes this request.

3.  MVM believes this case should be assigned to a Magistrate Judge for resolution of discovery disputes, but not for trial.

4.      Prior to the filing of this lawsuit, the parties held discussions in an attempt to resolve the dispute. The parties have not held settlement discussions since 3D filed the case. In the absence of discussions with counsel with 3D, MVM does not believe there is a realistic possibility of settling this case. MVM is, however, willing to engage in settlement discussions.

5.      At this time, MVM does not believe that the case would benefit from the Court's alternative dispute resolution ("ADR") procedures but remains open to ADR if settlement discussions begin. The parties' fundamental disagreement is over to who owes whom money in connection with MVM's government contract, including its termination.

MVM believes that 3D's poor performance led to termination of MVM's contract with the U.S. Government, and, therefore, 3D owes MVM damages for causing that termination. 3D alleges that MVM owes it for damages arising out of nonpayment for provision of security guards under their contract. Notwithstanding this disparity, if this Court orders ADR, MVM respectfully suggests that it take the form of either a settlement conference before a Magistrate Judge or an early neutral case evaluation.

6.      MVM believes that there is a significant possibility that this case can be resolved by the Motions. As noted above, 3D's opposition to the Motions is due on July 19, 2006, and MVM's reply is due on July 26, 2006. MVM recommends that the Motions be set for oral argument during the week of August 21, 2006, and respectfully proposes a decision on the Motions by October 1, 2006.

7.      MVM proposes that the parties dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

8.      MVM respectfully requests that this Court apply the guidelines in Track Three (Complex) to discovery in this case. MVM suggests that the schedule commence from the date

of the decision of the Motions because that decision will affect scope of discovery. MVM recommends Track Three because it will need to locate and interview third parties (primarily U.S. Government officials and the private language proficiency testing agency), some of whom are located in Germany (the contracting officer), Afghanistan, and Peru.

MVM proposes that this Court maintain the limits on the number and manner of discovery requests and depositions, as contained in the Federal Rules of Civil Procedure.

A protective order is likely needed to protect proprietary and confidential information contained in a confidential settlement agreement with the U. S. Government.

9. 3D and MVM will exchange their expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure according to the schedule set forth in Track Three. MVM further asks that all expert depositions be taken prior to close of discovery set forth in Track Three.

10. This is not a class action lawsuit, and therefore this topic is not relevant in this matter.

11. Neither the trial nor discovery should be bifurcated.

12. MVM proposes that a pretrial conference be held sixty (60) days after the submission of dispositive motions.

13. MVM requests that the trial date be set at the pretrial conference.

14. MVM believes the foregoing covers all appropriate matters for inclusion in a scheduling order at this time.

Respectfully Submitted,

**MVM, INC.**
*By Counsel*

**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
McLean, VA 22101-3892
Tel: (703) 712-5000
Fax: (703) 712-5050

_____
Sean F. Murphy (D.C. Bar No. 457599)
Anand V. Ramana (D.C. Bar No. 489478)

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2006, I served a true and correct copy of the foregoing pleading via first-class U.S. mail and electronic mail on:

>Athan T. Tsimpedes, Esq.
>Law Offices of Athan T. Tsimpedes
>7th Floor
>1420 New York Avenue, N.W.
>Washington, D.C. 20005
>atsimpedes@comcast.net
>*Counsel for 3D Global Solutions, Inc.*

_____
Anand V. Ramana

Active\3637422.1