UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
3D GLOBAL SOLUTIONS,            :
                                :
            Plaintiff,          :
                                :
       v.                       :   Civil Action No. 06-722 (GK)
                                :
MVM, INC.,                      :
                                :
            Defendant.          :
```

SCHEDULING ORDER

**PLEASE READ THIS ORDER IN ITS ENTIRETY**

This matter having come before the Court for an Initial Scheduling Conference, and the Court having considered the Joint Meet and Confer Statement submitted by counsel, as well as any supplemental pleadings that are relevant, the representations made in open court, and the entire record in the case, it is hereby

**ORDERED** that:

1. This case shall proceed on **Complex Track** with the following schedule:

|  | Track One (Fast) | Track Two (Standard) | Track Three (Complex) |
|---|---|---|---|
| Exchange Witness Lists & Initial Disclosures | 15 days | 30 days | 60 days **9/20/06** |
| Deadline for Written Discovery Requests* | 30 days | 45 days | 90 days **10/30/06** |

*This deadline includes any Rule 26(a) disclosure requirements which have not been fully satisfied.

**Responsive Pleadings due 8/10/06**

| | | | |
|---|---|---|---|
| Proponent's R. 26 (a)(2) Statements | N/A | 60 days | 120 days<br>**11/30/06** |
| Opponent's R. 26 (a)(2) Statements | N/A | 90 days | 150 days |
| <u>All</u> discovery closed | 60 days | 120 days | 210 days |
| Deadline for Filing Dispositive Motions | 75 days | 150 days | 270 days |
| Pretrial Conference | 4 months | 6-7 months | 9 months |

    2. A further status conference is scheduled for **December 4, 2006 at 9:45 a.m.** The parties must be prepared at the status conference to advise the Court of the expected length of trial and of the number of fact and expert witnesses that party will present. Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

    3. Every pleading shall indicate, immediately below the Civil Action No. in the caption, **the next-scheduled Court deadline**, such as a status conference, or pretrial conference, or trial date. Pleadings that do not contain such information will be, <u>sua</u> <u>sponte</u>, stricken from the record.

    4. Unless parties have been given leave to do so, **no** Opposition to a Motion shall include a new Motion. Every Motion must be filed **separately** and **individually**.

5.  Every pleading signed by an attorney shall, in conformity with Local Civil Rule 5.1(e), contain the name, address, **telephone number**, fax number, and bar identification number of the attorney.

6.  Any motion that does not comply with Local Civil Rule 7.1(c) or (m) will be, <u>sua sponte</u>, denied.

7.  Every motion for continuance shall indicate the **date a pleading is due, the date requested for the continuance**, whether previous continuances have been granted, and whether the extension will impact any other court dates.  Failure to provide such information will result in denial of the motion.

8.  This case is referred **for neutral case evaluation to conclude by November 20, 2006.**  Counsel, parties, and persons with settlement authority are directed to attend the mediation sessions. The Clerk of the Court is directed to furnish a copy of this Order to the Circuit Executive for the purpose of assigning a mediator.

9.  The parties do/do not consent to proceed before a magistrate judge for all purposes, including trial.

10.  There will be no extensions of discovery, except for compelling reasons. Each party is limited to a maximum of 10 depositions and 25 interrogatories.

11.  Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court.  If counsel are unable to resolve the discovery dispute, counsel shall arrange a brief telephone conference with the Court

by contacting chambers.  Counsel shall **not** file a discovery motion without following the procedures set forth in this paragraph.

12.   No discovery motion may exceed 10 pages in length. Oppositions may not exceed 10 pages in length; replies may not exceed 5 pages.

13.   **Three weeks** in advance of the Pretrial Conference, counsel are required to meet and prepare a **Joint** Pretrial Statement, which is required to be submitted not less than **eleven days** prior to the Conference in accordance with Local Civil Rule 16.5(b).  The form for the Joint Pretrial Statement is attached hereto as Appendix A.  Separate Pretrial Statements will be struck, sua sponte.

14.   Motions for reconsideration are greatly disfavored and should not exceed 10 pages in length.  Motions in excess of these page limits will be struck, sua sponte.  Oppositions may not exceed 10 pages in length; replies may not exceed 5 pages.  The Court assumes that counsel have made their best and most convincing arguments in their  first round of briefing, and presumes that motions for reconsideration are simply a repetition and reframing of those original arguments.  "Only if the moving party presents new facts or a clear error of law which 'compel' a change in the Court's ruling will the motion to reconsider be granted". New York v. United States, 880 F. Supp. 37,38 (D.D.C. 1995)(emphasis added).

15. Counsel's attention is called to Appendix B, which contains five specific "guidelines" for the proper conduct of depositions under Fed. R. Civ. P. 30(d), prohibiting argumentative and suggestive objections, and requiring answers to all questions, regardless of objections except when necessary to preserve a privilege.  Violations of this rule will be sanctioned.

16. Counsel are admonished to read the Circuit's opinion in Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al., 101 F.3d 145, 149-153 (D.C. Cir. 1996)(in upholding the trial court's implementation of the scheduling order entered at the beginning of the case and insisting on its reasonable observance during litigation, affirming the grant of summary judgment because of failures to comply with Local Rule 7.1(h)).


　　　　　　　　　　　　　　　　/s/
                                Gladys Kessler
                                United States District Judge

July 19, 2006

APPENDIX A

[Form of Joint Pretrial Statement to be Filed Eleven Days before Pretrial Conference]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **3D GLOBAL SOLUTIONS,** | : | |
| | : | |
|    **Plaintiff,** | : | |
| | : | |
|    v. | : | Civil Action No. 06-722 (GK) |
| | : | |
| **MVM, INC.,** | : | |
| | : | |
|    **Defendant.** | : | |

**JOINT PRETRIAL STATEMENT**

**1. Parties and Counsel:**  Names, addresses, and telephone numbers of all parties and counsel on whose behalf this Statement is filed.

**2. Nature of the Case:**  Give a brief statement describing the nature of the case, the identities of the parties, and the basis of the court's jurisdiction.  The statement of the case should be sufficiently brief, clear, and non-argumentative to be suitable for reading to the jury.

**3. Claims and/or Defenses:**  Give a statement of claims setting forth, concisely, each party's claims against any other party (including counter-, cross-, and third-party claims) and the party or parties against whom the claim is made.  The statement of defenses shall set forth each defense a party interposes to a claim asserted against it by any other party, including defenses raised by way of general denial, without regard to which party has the burden of persuasion.

**4. Undisputed Issues/Stipulations:**  List all issues not in dispute or facts to which the parties have stipulated.

**5. Witness Schedule:**  List the name, address, and telephone number of each witness scheduled to be called by a party, including rebuttal witnesses.  The schedule shall also set forth a brief description of the testimony to be given by the witness, and an estimate of the time necessary for direct examination.

Opinion witnesses shall be designated by an asterisk. Witnesses called for impeachment purposes only need not be listed. However, no party may call at trial any witness not listed (except for impeachment purposes) on their Pretrial Statement.

6. **Exhibit List:**  Describe each exhibit to be offered in evidence, with each exhibit identified by number, title, and date (if applicable). No exhibit will be admitted at trial unless it is listed on the Pretrial Statement. All exhibits listed will be deemed admitted at trial unless a specific objection is made in the Joint Pretrial Statement.

7. **Deposition Testimony:**  Identify each deposition or portion thereof (by page and line numbers) the party intends to offer in evidence. Any cross-designation sought by any other party must be made at or before the final Pretrial Conference.

8. **Relief Sought:**  Set forth separately each element of damages and the monetary amount claimed, including prejudgment interest, punitive damages, and attorneys' fees. Do not include amounts claimed for intangible damages. Set forth all other types of relief sought against any party.

9. **Pending Motions:**  List all pending motions showing title and filing date.

10. **Demonstrative Evidence, Physical Evidence, Videotapes:** Describe all such items to be offered at trial. Any objections must be made in the Joint Pretrial Statement.

11. **Jury Cases:**  Submit list of requested voir dire questions, showing those agreed upon and not agreed upon; submit list of standard instructions showing those agreed upon and not agreed upon; submit complete text of non-standard instructions with authorities relied upon; submit text of verdict form, including any special interrogatories.

12. **Non-Jury Cases:**  Submit detailed proposed findings of fact and conclusions of law with supporting authorities.

13. **Estimated Length of Trial:**  List number of days, and any scheduling problems with witnesses.

**14.  <u>Miscellaneous Matters</u>:**

    The following should be included after the signatures of counsel:

    The foregoing Joint Pretrial Statement, as revised at the Pretrial Conference in the presence of counsel, shall stand as the Pretrial Order in this case.

_____                     _____
DATE                                                      Gladys Kessler
                                                          U.S. District Judge

APPENDIX B

<u>DEPOSITION GUIDELINES</u>

1. Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regard to times, dates, documents, testimony, and the like.

2. Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.

3. Counsel shall refrain from directing the deponent not to answer any question submitted unless the question calls for privileged information.

4. Counsel shall refrain from dialogue on the record during the course of the deposition.

5. If counsel for any party of person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the Court for an immediate ruling and remedy. Where appropriate, sanctions will be imposed.

6. All counsel are to conduct themselves in a civil, polite, and professional manner.

Judge Kessler
(Revised 3/26/97)