UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

3D GLOBAL SOLUTIONS, INC. )
)
) Civil Action No. 1:06-cv-722(GK)
)
**Plaintiff** )
v. )
)
MVM, INC. )
)
**Defendant** )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## STATEMENT OF THE CASE

Plaintiff 3D Global, Inc. (hereinafter "3D") executed an agreement with MVM, Inc, whereby 3D would supply third country nationals (hereinafter "TCN's") to MVM for deployment to different areas of the world. Initially, 3D and MVM executed an agreement on September 26, 2005. However, MVM wanted a generic contract in which it could simply submit task orders to be performed by 3D, rather than separate agreements, that would control the business relationship between the parties. MVM represented it would provide 3D a great opportunity to work together, and required 3D to execute the generic agreement for all pending and future business. (See Exhibit A- Affid. Michael Dodd).

On October 12, 2005, 3D executed the agreement that is attached as an exhibit to the complaint in this matter. As a result the September 26, 2005 agreement became void. (Id.).

## STANDARD OF REVIEW

Summary judgment is not proper unless the record shows the absence of any "genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" FRCP 56(c). All inferences are drawn in favor of the non moving party. All allegations of the non moving party that conflict with those of the moving party are taken as true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). At this stage, the district court may not evaluate the evidence or make determinations as to the relative weight it should be accorded; instead, the "court's role is limited to determining whether there is a genuine issue for trial." *Malik v. Brown,* 16 F.3d 330, 334 (9th Cir. 1994).

## STATEMENT OF FACTS IN DISPUTE

1. The September 26, 2005 agreement between MVM and 3D became void when MVM required 3D to execute an agreement dated October 12, 2005 for all then pending and future matters. (See Affid.- Michael Dodd).

2. The October 12, 2005 contract applies to all task orders submitted by MVM to 3D. (Id).

3. 3D provided services to MVM for task orders pursuant to the October 12, 2005 agreement that MVM has failed to compensate 3D. (See Complaint par.7-8, 13; Affid.- Michael Dodd)

4. MVM has failed to make payment pursuant to the October 12, 2005 agreement to 3D. (See Complaint par.7-8,13; Affid- Michael Dodd)

5. MVM has also failed to make payment for services provided to MVM through task orders related to Iraq. (Affid. – Michael Dodd)

## ARGUMENT

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REGARDING AN EXHIBIT TO PLAINTIFF'S COMPLAINT IS NOT PROPER.

Defendant identifies an exhibit with which it disagrees as the agreement for which Plaintiff's breach of contract claim references. At best, such identification is a conflict of evidence necessitating Defendant's motion to be denied on its face. This court is to determine whether there is a genuine issue for trial. As such, Defendant's request for summary judgment of an exhibit to plaintiff's complaint to be the sole basis of Plaintiff's claim for a breach of contract is not only immature[2] but ignores the facts of this case and the purpose for summary judgment.

For reasons unknown, Defendant focuses on an exhibit to the complaint to file a motion and disregards the facts supporting the legal theory for a breach of contract claim. Defendant had to realize that the standard for summary judgment views all facts most favorable to plaintiff, regardless of the exhibits

A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. An adverse party, in opposing the motion, does not produce any

---

[2] Discovery has not yet begun in this matter. Discovery is essential to uncover the determination of which contract, if any, applies to support that a contract between the parties existed will be one for a jury to determine.

evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings that on their face present an issue. In this situation, summary judgment must be denied, at least if the averments are "well-pleaded," and not supposititious, conclusory, or ultimate. See *Frederick Hart & Co., Inc. v Recordgraph Corp.* 169 F2d 580 (3d Cir 1948); *United States ex rel. Kolton v Halpern*, 260 F2d 590 (3d Cir 1958); *United States ex rel. Nobles v Ivey Bros. Constr. Co., Inc.* 191 F Supp 383 (D Del 1961); *Jamison v Pennsylvania Salt Mfg. Co.* 22 FRD 238 (WD Pa 1958); *Bunny Bear, Inc. v Dennis Mitchell Industries*, 139 F Supp 542 (ED Pa 1956); *Levy v Equitable Life Assur. Society*, 18 FRD 164 (ED Pa 1955).

The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The purpose therefore is to determine whether there is an agreement between the parties. MVM does not dispute that a contractual relationship was created between 3D and MVM. Rather, Defendant is obsessed with challenging an exhibit that by doing so creates a disputed fact at best[3] and not proper for summary judgment. When viewing this issue in light most favorable to 3D, a reasonable juror would find in favor of 3D on this issue. Therefore, MVM's motion to partial summary judgment must be denied.

---

[3] Defendant is challenging evidence of the contractual relationship with 3D while admitting the contractual relationship exists. (Def. Mot. For Part. Sum Judg., pp 2-4).

## DEFENDANT DOES NOT ALLEGE PLAINTIFF'S FACTUAL BASIS FOR ITS CLAIM FOR BREACH OF CONTRACT IS INSUFFICENT.

Defendant does not argue that Plaintiff has not established a prima facie case for breach of contract. As a matter of fact, MVM admits such a contractual relationship. (Def. Mot. for Part. Sum Judg., pp 2-4; See Robert Rubin Affidavit). At best, Defendant is upset over the evidence presented as an exhibit that acknowledges an agreement between the parties. (See attached as Exhibit 2- Def.'s Mot. for Part. Summ. Judg[4]. pp. 2-4). In its complaint, 3D has factually set out a prima facie case for a breach of contract that is supported by the October 12, 2005 agreement and other documents, including Defendant's admission. The fact that MVM disagrees with 3D over the October 12, 2005 agreement as "the only evidence" of the contractual relationship between the parties creates a disputed fact and not appropriate for summary judgment. Defendant's challenge seems more appropriate left to the trier of fact to determine its weight and not really meant for summary judgment.

When viewing the facts in the light most favorable to 3D, a reasonable juror would find in favor of 3D on this issue. Therefore, MVM's motion for partial summary judgment must be denied.

## DEFENDANT ARGUES FOR SUMMARY JUDGMENT ON A CLAIM NOT FACTUALLY PRESENTED OR REQUESTED IN PLAINTIFF'S COMPLAINT.

It is undisputed that Plaintiff has properly alleged a claim for breach of contract. However, MVM somehow believes this court can rule on summary

---

[4] Refers to the Memorandum of Points and Authorities filed by Defendant in support of its Motion.

judgment on a potential claim not yet alleged by Plaintiff, a potential claim, regarding services provided to MVM involving Iraq. Defendant provides no support for such mistaken belief other than Plaintiff's counsel had been informed of an agreement that Defendant's counsel unilaterally determined to be the only contract for the purposes of this litigation and plaintiff's claims. (Def. Mot. for Part. Summ. Judg. p. 2, 5). Defendant further request that this court find that MVM had paid 3D on this contract and that this court dismiss the claim with prejudice. (Id. at 6-7). This court cannot and should not determine matters that have not been presented by 3D as a claim, despite MVM's motion requesting such improper action by the court.

When viewing the facts of this issue in light most favorable to 3D, a reasonable juror would find in favor of 3D. Therefore, MVM's motion for partial summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, 3D respectfully requests this court deny MVM's motion for summary judgment in its entirety.


Respectfully submitted,

\_\_\_\_\_/s/_____
Athan T. Tsimpedes
DC Bar no. 452341
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202-638-2100
202-449-3499 (fax)
Attorney for 3D Global Inc.