UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

3D GLOBAL SOLUTIONS, INC. )
)
)   Civil Action No. 1:06-cv-722(GK)
)
Plaintiff )
v. )
)
)
MVM, INC. )
)
Defendant )
_____ )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS

### BACKGROUND

Plaintiff 3D Global Solutions, Inc. (hereinafter "3D") executed an agreement with MVM, Inc, (hereinafter "MVM") whereby 3D would supply third country nationals (hereinafter "TCN's") to MVM for deployment to different areas of the world. Initially, 3D and MVM executed an agreement on September 26, 2005. However, MVM wanted more flexibility with their relationship with 3D where MVM could simply submit task orders rather than execute separate agreements that would control the business relationship between the parties. (See Exhibit 1- Complaint par. 17-19). MVM represented it would provide 3D a great opportunity to work together, and required 3D to execute this new agreement for all pending and future business. On October 12, 2005, 3D executed the agreement that is attached as an exhibit to the complaint in this

matter. As a result the September 26, 2005 agreement became void. (See attached as Exhibit 2- Affid. Michael Dodd).

**STANDARD OF REVIEW**

In ruling on a motion to dismiss, courts must accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 109 (1979); *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996); *United States v. BCCI Holdings (Luxemberg), S.A.*, 3 F. Supp. 2d 31, 35 (D.D.C. 1998). The allegations of the complaint should be construed broadly and liberally in the plaintiffs' favor. Wright & Miller, Federal Practice & Procedure §1350, p. 551; see also *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). It is well-established that a complaint should not be dismissed for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 46 (1957).

**ARGUMENT**

CHOICE OF LAW ANALYSIS FAVORS THE DISTRICT OF COLUMBIA

Whenever possible and appropriate a dispute should be heard in the forum whose law will govern. See *General Foam Plastics, Corp. v. Kraemer Export Corp.*, 806 F. Supp. 88, 90 (E.D. VA 1992)("it is preferable to have cases

decided by courts familiar with the substantial law to be applied. The law favors resolving disputes in the forum which most of the significant facts and harm arose. *General Foam Plastics, Corp. v. Kraemer Export Corp.*, 806 F. Supp. 88, 90 (E.D. VA 1992); *Fox v. Callendar*, 729 F. Supp. 32 (D. MD 1990).

    Defendant correctly states the standard for the choice of law analysis in the District of Columbia. However, MVM's analysis of the standard is riddled with inaccuracies. Defendant's motion assumes that Virginia law applies and seeks a dismissal for failing to state a cause of action under Virginia law. Defendant's reliance that Virginia law applies is misplaced. It is well settled the rule of <u>lex loci delicti</u> is well settled in Virginia; the place of injury supplies the governing law in tort actions. *Vicente v. Obenauer*, 736 F. Supp. 679, 690 (E.D. VA. 1990).

    To determine the applicable law in a diversity case, a federal court must follow the choice of law rules of the forum state." *Klaxon Co. v. Stentor Elec. Mgf. Co.*, 313 U.S. 487, 496 (1941). The District of Columbia uses a "governmental interests" analysis. Under this analysis, when the policy of one state would be advanced by application of its law, and that of another state would not be advanced by application of its, a false conflict appears and the law of the interested state prevails. A true conflict arises when both states have an interest in applying their own laws to the facts of the case, in which case the law of the forum will be applied unless the foreign state has a greater interest in the controversy. In order to facilitate the governmental interests analysis, we consider four factors: a) the place where the injury occurred; b) the place where the conduct causing the injury occurred; c) the domicile, residence, nationality,

place of incorporation and place of business of the parties; and d) the place where the relationship is centered. *Herbert v. D.C.*, 808 A.2d 776, 779 (D.C. 2002) (citations and internal quotation marks omitted).

The wrongful acts of Defendant MVM occurred in the District of Columbia. (See Compl. Par. 11, 17-19; Aff- Michael Dodd). Defendant MVM wrongfully converted 3D's property- administrative packages located in the District of Columbia for financial gain. (Id). The contract between 3D and MVM was based on the prime contract between MVM and the Federal Government[2] located in the District of Columbia. (Id.; Also See attached as Exhibit 3- Affid. Robert Rubin, par. 2, 4 and 6). Defendant's argument that the Federal Government terminated its agreement based on 3D's alleged failure to provide adequate TCN's occurred in the District of Columbia. (Id.) Defendant MVM wrongfully benefited by converting 3D's work product- administrative packages for the TCN's that were located in the District of Columbia. (Compl. Par 11, 17-19; Affid. Michael Dodd). MVM's defense that the Federal Government terminated its agreement resulting in losses of two million dollars occurred in the District of Columbia where the Federal Government is located. (Id.; Affid.- Robert Rubin ). Defendant's alleged damages and threatened counterclaim originate from losses from the Federal Government located in the District of Columbia.(Affid of Robert Rubin; See attached as Exhibit 4- Def's. Mot. To Dism. p. 2; See also MVM's Meet and Confer Statement).

---

[2] In this motion Federal Government refers to Defendant's references the U.S. Department of State and a Federal agency Joint Strike Command (See Def.'s Mot. To Dism.- Robert Rubin Affid)

Based on the above, MVM's argument that the choice of law analysis favors Virginia law is mistaken. There is no doubt the factors favor the District of Columbia. The Federal Government is the nexus between MVM and 3D and all work (including contract awards, payments and defenses) between the parties flows from the Federal Government. The Federal Government is located in the District of Columbia. The center of the relationship between MVM and 3D is the District of Columbia. Therefore, this court should apply the laws of the District of Columbia to all counts of Plaintiffs complaint.

## UNJUST ENRICHMENT IS ACTIONABLE BECAUSE IT IS BASED ON EVENTS OUTSIDE OF THE CONTRACT

MVM is correct in asserting that Virginia law generally does not recognize a claim for unjust enrichment when a written contract is present that governs all rights and obligations of the parties. (Def. Mot. To Dism., p. 12). However, in this case, the written contract of October 12, 2005 or September 26, 2005 does not govern the rights and obligations when MVM wrongfully converted the property (administrative packages) of 3D located in the District of Columbia for profit. The rights and obligations of the contract do not reference converting 3D's administrative packages. MVM's profit taking or unjust gains from the conduct of converting 3D's property is distinct from the contract.

Defendant concealed the unauthorized taking of 3D's property consisting of administrative packets containing proprietary information. (Compl. Par. 11, 17-19). 3D's property was wrongfully taken by MVM at a time when MVM represented to 3D it was attempting to negotiate a settlement and at a time when a confidential relationship existed between the parties.(Id; Affid. Michael Dodd).

3D intentionally concealed the wrongful taking of 3D's property and sold them to a third party for financial gain and profit all to the harm of 3D in excess of $300,000.00. (Complaint- 11, 17-19).

The "unjust enrichment" or "gains" targeted for disgorgement need not be limited to "profits"; they may also include all illegal payments received. *SEC v. Blavin*, 760 F.2d 706, 713 (6th Cir. 1985) (finding that unjust enrichment includes the value of benefits a wrongdoer receives through the scheme, not merely the profits after the fraud); *see also Great Lakes Equities Co.*, 775 F. Supp. 211, 214 (E.D. Mich. 1991). Such conduct by MVM is not covered by the contract between the parties and cannot be considered to do so.

Therefore, as a matter of fact or law, MVM's motion to dismiss on this issue should be denied.

## CONVERSION IS PROPERLY ALLEGED IN PLAINTIFF'S COMPLAINT

Defendant argues that Virginia law does not recognize a cause of action for conversion. Assuming the court rules that Virginia law applies and not the law of the District of Columbia, the Defendant is still mistaken for his belief. Virginia recognizes conversion as the wrongful exercise or assumption of authority personally or by procurement over another's goods. See *Bader v. Central Fidelity Bank*, 245 VA. 286 (1993). Therefore, as a matter of fact or law, Defendant's motion to dismiss on this issue should be denied.

Defendant concealed the unauthorized taking of 3D's property consisting of administrative packets containing proprietary information. (Compl. Par. 11, 17-

19). 3D's property was wrongfully taken by MVM at a time when MVM represented to 3D it was attempting to negotiate a settlement and at a time when a confidential relationship existed between the parties.(Id; Affid. Michael Dodd). 3D intentionally concealed the wrongful taking of 3D's property and sold them to a third party for financial gain and profit all to the harm of 3D in excess of $300,000.00. (Compl. Par. 11, 17-19).

Therefore, as a matter of fact or law, MVM's motion to dismiss should be dismissed on this issue.

## ACTUAL FRAUD OR CONSTRUCTIVE FRAUD WAS PROPERLY ALLEGED IN THE COMPLAINT.

MVM acknowledges causes of action for fraud[3] are even recognized in the Commonwealth of Virginia. (Def. Mot. To Dism. p7-8). However, MVM argues that 3D had failed to allege or identify the material fact that MVM falsely represented. (Def. Mot to Dism. p. 8). Also, MVM argues 3D failed to allege that MVM knowingly or intentionally made the false statement (Id). MVM further distorts the facts in 3D's complaint by suggesting 3D did not plead "intent" (Id).

During the time of the allege breach by 3D of MVM's contract with the Federal Government, MVM intentionally represented it would seek to resolve its differences with 3D, while at the same time it concealed the fact it had wrongfully

---

[3] Fraudulent misrepresentation requires proof of "(1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation." *Hercules & Co., Ltd. v. Shama Restaurant Corp.*, 613 A.2d 916, 923 (D.C. 1992). To prevail, the plaintiff must also have suffered some injury as a consequence of his reliance on the misrepresentation. See *Dresser v. Sunderland Apartments Tenants Ass'n, Inc.*, 465 A.2d 835, 839 (D.C. 1983).

taken 3D's "administrative packages" for its own use and sold them to a third party for profit and to the harm of 3D. (See Complaint Par.11, 17-19; also Aff-Michael Dodd). The representations by MVM that it would keep the proprietary property-administrative packages of 3D confidential was intentional and false. (Id.). As a result of the intentionally false statement and conduct, MVM realized a financial gain by selling 3D's property to a third party for profit and to the harm of 3D. (id.)

Therefore, as a matter of fact or law, MVM's motion to dismiss should be denied on this issue[4].

## TORTIOUS INTERFERENCE

MVM correctly asserts that a cause of action for intentional interference is recognized even in the Commonwealth of Virginia. However, MVM argues in it s motion to dismiss that 3D does not identify or allege the following (1) contract, business relationship or prospective business relationship interfered with and (2) MVM's knowledge of such contract or relationship (Def's mot. to dism. p. 11).

MVM fails to acknowledge 3D recruited the TCN's in peru and provided them work, developed proprietary property- administrative packages that have value and were sold by MVM for profit. (Compl. Par.11, 17-19 ; see also aff-Michael Dodd) . MVM knew the relationship between the TCN's and 3D along

---

[4] MVM alleges that 3D's count four for Constructive Fraud is deficient the same as Count Three. MVM also argue the cause of action for concealment or non disclosure to be likewise deficient. (Def. Mot to Dism. p. 10)

with 3D's administrative packages that were valuable property that were wrongfully taken and sold by MVM for profit. (Id.). MVM transferred the TCN's and sold the administrative packages provided by 3D to a third party, without the knowledge of 3D, while at the same time alleged that 3D caused the termination and losses from a contract between MVM and the Federal Government.(Id; See also Affid. Robert Rubin). It is obvious, MVM's predatory conduct and attitude provide a legal remedy as stated in Plaintiff's complaint for tortious interference.

MVM does not deny in its motion it did not convert the TCN and the administrative packages provided by 3D. Based on the above, as a matter of fact or law, MVM's motion to dismiss on this issue should be denied.

## PROMISSORY ESTOPPEL OR DETRIMENTAL RELIANCE IS RECOGNIZED IN THE DISTRICT OF COLUMBIA.

Defendant argues solely that Virginia does not recognize promissory estoppel or detrimental reliance as a cause of action. As stated herein, the laws of the District of Columbia apply on this and all issues argued. If the laws of the District of Columbia apply, Defendant's motion to dismiss on this issue must be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny MVM's motion to dismiss in its entirety.

Dated: July 20, 2006                                    Respectfully submitted,

_____/s/_____
Athan T. Tsimpedes
DC Bar no. 452341
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202-638-2100
202-449-3499 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2006 a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss, was served by first class mail, postage prepaid upon:

Sean Murphy
Anand V. Ramana
McGuire Woods
1750 Tysons Blvd.
Suite 1800
McLean, VA 22102
Attorney for Defendant


_____/s/_____
Athan T. Tsimpedes