IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| 3D GLOBAL SOLUTIONS, INC.<br>12898 PONTELL PLACE<br>WESTFIELD, INDIANA 46074<br><br>    Plaintiff<br><br>v.<br><br>MVM, INC.<br>1593 SPRING HILL ROAD<br>Suite 700<br>Vienna, VA 22182<br>Serve:  Joseph Morway<br>         1593 Spring Hill Road<br>         Suite 700<br>         Vienna, VA 22182<br><br>    Defendant | Civil Action No. |

## COMPLAINT

Plaintiff, 3D Global Solutions, Inc. (hereinafter referred to as "Plaintiff" or "Global"), by and through its attorney, Athan T. Tsimpedes, complains of Defendant MVM, Inc. (hereinafter referred to as "Defendant" or "MVM") and in support, states the following:

## NATURE OF THE CASE

Defendant MVM contracted with Plaintiff to recruit security personnel pursuant to an agreement which provided compensation to Plaintiff upon deployment of each foreign national security recruit from Peru.  Plaintiff expended thousand of man hours to develop and produce proprietary and confidential data for each foreign national recruit requiring U.S. government approval to fulfill the contract between the parties.  Defendant

interviewed, qualified and accepted each and every foreign recruit provided by Plaintiff and deployed the foreign national recruits to Kabul Afghanistan and has refused to compensate Plaintiff. Defendant MVM wrongfully converted the confidential and proprietary information created by Plaintiff for each deployed foreign national for its own benefit and wrongfully breached its contract with Plaintiff in bad faith.

## PARTIES

1. Plaintiff 3D Global Solutions Inc. is incorporated in the State of Indiana with its principal offices at 12898 Pontell Place, Westfield, Indiana 46074. Global provides recruits to security contractors for the United States Government throughout the World. Michael Dodd is the CEO and sole shareholder of 3D Global Solutions, Inc.

2. Defendant MVM, Inc. is a California corporation with offices at 1593 Spring Hill Road, Vienna, VA 22182. Defendant MVM is a large government contractor that provides security, translation, and related services to the Government of the United States in the District of Columbia and throughout the world.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 USC §1332.

4. The amount in controversy in this matter exceeds $75,000.00 exclusive of interests and costs.

5. This venue is appropriate in this matter pursuant to 28 USC §1391 et seq.

## BACKGROUND FACTS

6. Defendant MVM obtained a primary/general contract with the United States Government to provide a large security force in Kabul Afghanistan. As a result, Defendant MVM sought to fulfill its recruits by agreement with several security

recruiting firms, including Global. Global was to provide third country nationals (TCN's) as security personnel in support of MVM's primary contract. (Attached as Exhibit 1). In this case, all TCN's were recruited from Peru.

7. MVM requested recruits from Global on an ongoing basis through Task Orders dated from September 2004 through November 2004. (See attached Exhibit 2). Each task Order being completed by Global required payment from MVM within 30 days. (Id.)

8. Defendant agreed to compensate Plaintiff based on a fee schedule that totaled compensation for 292 TCN's (See attached Fee Schedule- Exhibit 3, and Task Orders -Exhibit 2 ). The fee schedule breaks down the fees for each TCN as follows: (1) Recruiting Candidates- $300.00, (2) Contractual Requirements- $70.00 and (3) Deployment Readiness- $330.00. Additionally, MVM was to compensate Global $360.00 on a yearly basis for family support services for each TCN.

9. MVM described the functions to be performed by Global for compensation pursuant to the fee schedule. (See Exhibit 1- Exhibit A).

10. In reliance upon Defendant MVM's agreement and representations, Global diverted its resources to fulfill its obligations under the agreement by focusing resources and efforts in Peru, including but not limited to recruitment campaigns and interviews for TCN's.

11. Global exhausted thousands of man hours to collect and procure data for each TCN in Peru that was confidential and proprietary in nature. (See attached as Exhibit 6). Global provided the proprietary information into "administrative packages" for each and every TCN that included physician physicals, verifying qualifications, background,

security/military background, criminal background. Each TCN's administrative package required approval from the U.S. Government prior to any TCN being accepted by MVM for deployment to Kabul, Afghanistan.

12. Plaintiff qualified each and every TCN as required to pursuant to Section B, of The Agreement. (See Exhibit 1). Defendant MVM, through its agents, interviewed and qualified each and every TCN provided by Global prior to deployment. Global produced a total of 292 TCN's to MVM, however only 230 were deployed by MVM to Kabul, Afghanistan.

13. Defendant MVM failed to pay the compensation provided for in the Agreement within 30 days of the invoice for the deployed TCN's and Plaintiff Global demanded compensation thereafter.

15. After numerous delays, Defendant MVM, wrongfully and intentionally, breached its agreement to provide compensation to Global for the 292 TCN's. (See attached as Exhibit 4)

16. As a pretext for its wrongful conduct, Defendant MVM, alleged that Global was the party in default of the agreement by producing TCN's that did not have the proper level of English proficiency. (Id).

17. Additionally, MVM through its agents, wrongfully and intentionally converted the confidential and proprietary information of Global's administrative packages for each TCN and used that information to sell, assign, transfer the administrative packages as their own recruits to a third party in which MVM wrongfully realized a financial benefit.

18. Upon information and belief, MVM, wrongful conduct is further

4

demonstrated because it sold, assigned, or transferred many if not all TCN's and their administrative packages created by Global to a third party for compensation.

19. Defendant MVM converted all the administrative packages containing the proprietary information of each and every TCN recruit provided by Global by wrongfully selling, assigning or transferring the administrative packages created and developed by Global for compensation to third parties.

## COUNT ONE
### Breach of Contract

20. Plaintiff realleges paragraphs 1 through 19 of the Complaint as set forth in full.

21. Defendants have failed to fulfill obligations owed to Plaintiff as stated in the contract.

22. Defendant is in breach of said contract.

23. Plaintiff has suffered damages as a result of said breach.

WHEREFORE, Plaintiff Global demands judgment against Defendant MVM for damages in the amount of THREE HUNDRED SIXTEEN THOUSAND DOLLARS ($316,000.00) with interests and costs.

## COUNT TWO
### Detrimental Reliance

24 Plaintiff realleges paragraphs 1 through 23 of this Complaint as set forth in full.

25. Defendant MVM made promises to Plaintiff pursuant to an agreement.

26. Defendant MVM reasonably expected his promise would induce action or forbearance by the Plaintiff.

27. Defendant's promise induced actual and reasonable action or forbearance by the Plaintiff.

5

28. Plaintiff detrimentally relied upon Defendant MVM's promise resulting in damages.

WHEREFORE, Plaintiff Global demands judgment against Defendant MVM for damages in the amount of THREE HUNDRED SIXTEEN THOUSAND DOLLARS ($316,000.00) with interests and costs.

## COUNT THREE
### Intentional/Negligent Misrepresentation

29. Plaintiff realleges paragraphs 1 through 28 of this Complaint as set forth in full.

30. Defendant MVM's negligent assertions or false statements were made while owing a duty of care to the Plaintiff.

31. Defendant intended that Plaintiff to act or rely upon the negligent assertions or false statements.

32. Defendant knew or should have known that the Plaintiff would probably rely upon the negligent assertions or false statements which, if erroneous would cause damage to Plaintiff.

33. Plaintiff justifiably relied upon the Defendant statements and assertions.

34. As a result of Defendant's negligence, Plaintiff incurred damages.

WHEREFORE, Plaintiff Global demands judgment against Defendant MVM for damages in the amount of THREE HUNDRED SIXTEEN THOUSAND DOLLARS ($316,000.00) with interests and costs.

## COUNT FOUR
### Constructive Fraud

35. Plaintiff realleges paragraphs 1 through 34 of this Complaint as set forth in full.

36. Defendant owed a legal or equitable duty arising out of a relationship of trust or confidence with Plaintiff.

37. Defendant breached his duty to Plaintiff.

38. Defendant's conduct deceived or violated Plaintiff's confidence.

39. As a result of Defendant's breach of duty, Plaintiff suffered damages.

WHEREFORE, Plaintiff Global demands judgment against Defendant MVM for compensatory damages in the amount of THREE HUNDRED SIXTEEN THOUSAND DOLLARS ($316,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## COUNT FIVE
### Concealment or Non-Disclosure

40. Plaintiff realleges paragraphs 1 through 39 of this Complaint as set forth in full.

41. Defendant MVM had a duty to disclose material facts to the Plaintiff.

42. Defendant failed to disclose material facts to Plaintiff.

43. Defendant intended to deceive Plaintiff by failing to disclose material facts.

44. The Plaintiff acted in justifiable reliance upon the concealment of material facts by Defendant.

45. As a result of the concealment by Defendant, the Plaintiff suffered damages.

WHEREFORE, Plaintiff Global demands judgment against Defendant MVM for compensatory damages in the amount of THREE HUNDRED SIXTEEN THOUSAND DOLLARS ($316,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## COUNT SIX
### Negligent or Intentional Interference with Business Advantage

46.     Plaintiff incorporates by reference paragraphs 1 through 45 of the Complaint as set forth in full.

47.     Negligent or intentional willful acts of defendant towards plaintiff.

48.     Defendant's conduct was calculated to cause damage to plaintiff in a loss of business.

49.     Defendant's conduct was committed with the unlawful or improper purpose to cause such damage, without justification, and actual damage resulting.

WHEREFORE, Plaintiff Global demands judgment against Defendant MVM for compensatory damages in the amount of THREE HUNDRED SIXTEEN THOUSAND DOLLARS ($316,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## COUNT SEVEN
### Unjust Enrichment

50.     Plaintiff realleges paragraphs 1 through 49 of the Complaint as set forth in full.

51.     A benefit has been conferred upon Defendant by the Plaintiff.

52.     Defendant had knowledge of the benefit.

53.     Defendant retained or accepted the benefit under such circumstances as to make it inequitable for the dependant to retain the benefit without payment of its values or the return of the money that was properly withheld.

WHEREFORE, Plaintiff Global demands judgment against Defendant MVM for compensatory damages plus expenses and costs, and for such other and further relief as one nature of his cause may require

# COUNT EIGHT
## Constructive Conversion

54. Plaintiff realleges paragraphs 1 through 53 of the Complaint as set forth in full.

55. Defendant properly obtained possession of Plaintiff's administrative Packages developed, created and produced by Plaintiff for each and every TCN recruit deployed.

56. Plaintiff was not informed nor authorized any such use of its proprietary confidential administrative packages ("property") by Defendant.

57. Defendant intentionally concealed such use of Plaintiff's property for which it wrongfully benefited.

58. Defendant MVM intentionally used Plaintiff's property in an unauthorized or illegal manner and benefited.

WHEREFORE, Plaintiff Global demands judgment against Defendant MVM for compensatory damages in the amount of THREE HUNDRED SIXTEEN THOUSAND DOLLARS ($316,000.00) with interests and costs and punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00) with interests and costs.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

## VERIFICATION

By signing below, I swear under penalty of perjury that the foregoing statements contained in this Complaint are true and correct and based on my personal knowledge.

_____
Michael Dodd
CEO – 3D Global Solutions, Inc.

Respectfully submitted,                    Dated:

_____
Law Offices of Athan T. Tsimpedes
Athan T. Tsimpedes, Esq.
Bar. No. 452341
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202- 638-2100 ph
202-449-3499 fx
atsimpedes@comcast.net

*Attorney for 3D Global Solutions, Inc.*