IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 3D GLOBAL SOLUTIONS, INC., | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:06cv00722 (GK) |
| MVM, INC., | ) |
| *Defendant*. | ) |

## DEFENDANT MVM'S REPLY TO PLAINTIFF 3D GLOBAL SOLUTION'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant MVM, Inc. ("MVM"), by counsel and pursuant to Local Rule 7, files this Reply ("Reply") to Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment ("3D's Opposition").

### ARGUMENT

MVM seeks partial summary judgment on the breach of contract (Count One) claim in the Complaint because 3D incorrectly alleged a breach of an October 12, 2005 contract ("Iraq Contract"). As noted in MVM's Motion for Partial Summary Judgment, MVM has paid 3D in full under the one task order placed against the Iraq Contract. (Affidavit of Robert Rubin ¶ 5; *see* Compl. Ex. 2.) Indeed, 3D concedes that it has "not yet alleged . . . a potential claim[] regarding services provided to MVM involving Iraq." (3D's Opposition at 6.) Thus, all parties agree that the scope of 3D's breach of contract claim is for security guards provided only to the U.S. Embassy in Kabul, Afghanistan.

In its Motion for Partial Summary Judgment, MVM demonstrated that a different contract, dated September 12, 2005 ("Afghanistan Contract"), actually governs the 3D-MVM relationship for security guards to Kabul. (*See generally* MVM's Motion for Partial Summary

Judgment). 3D responded by simply asserting that the Iraq Contract supersedes the Afghanistan Contract for security guards to Afghanistan. (*See* 3D's Opposition at 2, ¶ 1; Affidavit of Michael Dodd ("Dodd Aff.") ¶ 7.) 3D, however, provides no factual support for Michael Dodd's conclusory statement that the Iraq Contract retroactively governs the delivery of and payment for security guards to Afghanistan. (*See generally* 3D's Opposition; Dodd Aff. ¶ 7.) 3D presents no supporting or collaborating documentation, nor does 3D identify any individual at MVM who supposedly instructed 3D to execute a new agreement to void the Afghanistan Contract. (*See* 3D's Opposition at 2-4.)

3D has not met its burden of providing sufficient evidence to show that there is a genuine issue of material fact. Under controlling federal case law, a court shall grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995); Fed. R. Civ. P. 56(c). The burden is upon the non-moving party to demonstrate that there are material facts in dispute. *Celotex,* 477 U.S. at 324. A non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, it must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587; Fed. R. Civ. P. 56(e). Moreover, Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the District of Columbia Circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of genuine factual issues, "did not set forth specific, material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue [.]" *Burke v. Gould*, 286 F.3d 513, 518 (D.D.C. 2002) (*quoting Tarpley v. Greene*, 684 F.2d 1, 7 (D.C. Cir. 1982)). "Mere allegations even in an affidavit, unsupported by specific facts, are insufficient to resist a motion for summary judgment." *Matthews v. Hesburgh*, 504 F. Supp. 108, 114 n.16 (D.D.C. 1980); *see also Maramark v. Spellings*, 2006 WL 276979 at *15 (D.D.C. 2006).

Here, 3D merely concludes that "[t]he October 12, 2005 contract applies to all task orders submitted by MVM to 3D." (*See* 3D's Opposition at 2, ¶ 2.) It provides no additional evidentiary support to its claim that all task orders were consolidated under the Iraq Contract. (*See generally* 3D's Opposition). Besides merely stating that the Iraq Contract applies in this case, 3D does not submit any specific facts showing that there is a genuine issue for trial as to which contract in fact applies. (*Id.*) 3D's failure to provide specific facts does not rebut or contravene the facts set forth in MVM's Memorandum and Robert Rubin's Affidavit. Accordingly, 3D has not met is burden of providing sufficient evidence to support its conclusion that there is a genuine issue over which contract (the Iraq Contract or the Afghanistan Contract) applies to the provision of security guards to the U.S. Embassy in Kabul, Afghanistan. For this reason, the Court should grant MVM's Motion for Partial Summary Judgment.

## CONCLUSION

3D has not met its burden of demonstrating there is a genuine factual discrepancy over whether the October 12, 2005 contract for services in Iraq also governs the claims for providing

security guards for the U.S. Embassy in Kabul, Afghanistan. Accordingly, this Court should grant MVM's Motion for Partial Summary Judgment.

                                        Respectfully Submitted,

                                        **MVM, INC.**

                                        *By Counsel*

**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
McLean, VA  22101-3892
Tel:  (703) 712-5000
Fax:  (703) 712-5050

_____
Sean F. Murphy (D.C. Bar No. 457599)
Anand V. Ramana (D.C. Bar No. 489478)

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2006, I served a true and correct copy of the foregoing pleading via first-class U.S. mail and electronic mail on:

> Athan T. Tsimpedes, Esq.
> Law Offices of Athan T. Tsimpedes
> 7th Floor
> 1420 New York Avenue, N.W.
> Washington, D.C. 20005
> atsimpedes@comcast.net
> *Counsel for 3D Global Solutions, Inc.*

_____
Anand V. Ramana

Active\3637422.1