UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **3D GLOBAL SOLUTIONS, INC.** ) | |
| ) | Civil Action No. 1:06-cv-722(GK) |
| ) | |
| **Plaintiff** ) | |
| v. ) | |
| ) | |
| **MVM, INC.** ) | |
| ) | |
| **Defendant** ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

**BACKGROUND**

Plaintiff 3D Global Solutions, Inc. (hereinafter "3D") executed an agreement with MVM, Inc, (hereinafter "MVM") whereby 3D would supply third country nationals (hereinafter "TCN's") to MVM for deployment to different areas of the world. 3D and MVM executed an agreement on September 26, 2005. As a result of the Agreement 3D provided 230 TCN's that were offerd employ,ment and hired by MVM who has refused to compensate 3D for its services. Additionally, MVM has counterclaimed for damages in excess of two million dollars based on a breach of an agreement for the losses stemming from the underlying government contract in which MVM admittedly received 3.5 million dollars in a settlement.

Despite MVM's settlement agreement for 3.5 million dollars with the US government, it has proceeded to wrongfully seek damages against 3D in order to

harass and annoy 3D.    Defendant MVM has failed to provide a verification for the discovery produced so far and has failed to provide material documents necessary for 3D's defense of MVM's counterclaim.  At the heart of the matter is a settlement agreement in which MVM received 3.5 million dollars from the US government that is material to the determination of the damages for both plaintiff's case and for plaintiff's defense of MVM's counterclaim.  MVM counterclaim for damages arises under the same contract in which it was compensated by the US Government in a settlement agreement as stated herein.

     Despite MVM placing the US Government contract at issue in its counterclaim does not provide it in discovery or through its initial disclosures pursuant to FRCP 26. MVM likewise, fails to provide the settlement agreement with the US Government for the contract mentioned that would clearly narrow the issue of damages both in defense of the counterclaim and in prosecuting its own case with the burden of proof. Defendant MVM is hiding the ball on material documents that go to the heart of this case.

     More importantly MVM has failed to comply with FRCP 33 and 34 by failing to provide verified responses. Unverified responses are like no responses at all.  The inappropriate discovery was submitted to Plaintiff in February 2007 in violation of the Federal Rules of Civil Procedure.  The lack of verification creates any response provided by MVM as hearsay and does not allow Plaintiff to use such responses for impeachment as they are signed by the prior attorneys of record in the case who are no longer involved. Plaintiff should not be prejudiced by such actions. The attorneys of record did not sign as corporate designees.  Defendant's conduct has created the

necessity for plaintiff's counsel to file this instant motion to protect his client.

Plaintiff's counsel has met and conferred with both prior counsel and current counsel on these issues in person and through phone conversations and email. Yet, the outstanding discovery and its verification have yet to be provided. Defendant MVM has not filed nor sough a protective order for any document despite being placed at issue by its own counterclaim.

Plaintiff's counsel is away on vacation and was hoping to receive communication from opposing counsel after his numerous attempts prior to the close of discovery but has not necessitating this motion. Plaintiff's counsel has is hopeful this matter was simply an oversight by opposing counsel due to a heavy caseload and will provide the requested verification and documents immediately[1].

**ARGUMENT**

FRCP 33 provides for the use of interrogatories to parties and Rule 34 provides for the use of requests for production of documents. Rule 37(a)(2) allows for a party to move for a court order compelling an answer to discovery taken under Federal Rules of Civil Procedure 33 or 34when a party fails to comply with such discovery.

In this case, after being provided additional time to respond MVM finally responded on or about February 12, 2007 to discovery propounded upon it by Plaintiff. However, the discovery was unverified and therefore improper pursuant to FRCP 33 and 34. Unverified responses to requests for interrogatories and production of documents are not verified at all. Defendant not only has not provided verification for

---

[1] Plaintiff's counsel reserves the right to supplement this motion based on Defendant MVM's response to this motion. Plaintiff's counsel has limited the argument and attachments so as not to fill the docket with discovery documents albeit electronically as this matter should be resolved amicably.

the discovery despite having met and conferred on the issues but has failed to provide documents that are material and central to Plaintiff's case and Defendant's counterclaim. Specifically lacking from its limited production to Plaintiff was (1) the government contract that Defendant MVM claimed to have suffered substantial losses from and is the basis of its counterclaim and (2) the settlement agreement with the US Government on the very same contract in which MVM received 3.5 million dollars.

There is no just reason why this Court, in exercising its powers under Rule 37(a)(2), should not order compelling MVM to answer and provide verified and complete responses to the Interrogatories and Request for Production of Documents immediately, and in the manner required under the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, this Court should grant an Order compelling MVM to completely answer and respond to the interrogatories and Production of Document requests served on it by Plaintiff.

Dated:   August 14, 2007                        Respectfully submitted,


_____/s/_____
Athan T. Tsimpedes
DC Bar no. 452341
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202-638-2100
202-449-3499 (fax)

<u>CERTIFICATE OF SERVICE</u>

 I HEREBY CERTIFY that on August 14, 2007 a copy of the foregoing Motion to Compel, was served by first class mail, postage prepaid upon:

Herbert Rosenblum, Esq.
526 King St., Suite 211
Alexandria, VA
Attorney for Defendant


        _____/s/_____
        Athan T. Tsimpedes