**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| 3D GLOBAL SOLUTIONS, INC. | * |
| | * |
| Plaintiff | * |
| | * |
| vs. | *   Case No. 1:06cv00722(GK) |
| | * |
| MVM, INC. | * |
| | * |
| Defendant | * |
| | * |

**RESPONSE OF MVM, INC. TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Defendant, MVM, Inc., a California Corporation, by Counsel, pursuant to Federal Rules of Civil Procedure, files its Response to Plaintiff's Motion for Summary Judgment and states that Summary Judgment should be denied for the following reasons as supported in the Memorandum of Points and attached Affidavits, Depositions and Documents:

1.  The Plaintiff, 3D GLOBAL SOLUTIONS, INC., (hereinafter "3D"), was contracted, (hereinafter "3D Contract"), by your Defendant, MVM, INC., to recruit Third Country Nationals (TCNs) to supply security guards for a contract (hereinafter "Afghanistan Contract") that MVM, INC. had with the Department of State to guard the U.S. Embassy and its personnel in Kabul, Afghanistan.

2.  The requirements of the 3D Contract provided that the candidates for the security guard positions (guards, senior guards and dispatcher/guards) be fluent in English to level 2 for guards and level 3 for senior guards and dispatcher/guards. The

English fluency level requirement in the 3D Contract was the same as in the Afghanistan Contract.

3. The requirements of the 3D Contract also provided that the candidates have a minimum of 3 years of military, similar police or local guard experience. The requirements for police or local guard experience in the 3D Contract was the same as in the Afghanistan Contract.

4. The candidates provided by 3D did not meet the qualifications of the 3D Contract in that they were not fluent in English to the levels required by the 3D Contract and the Afghanistan Contract.

5 In addition, a number of the TCNs provided by 3D did not have the police or local guard experience required by the 3D Contract and the Afghanistan Contract.

6. After the TCNs had been deployed to Afghanistan in late November of 2005, and began training to assume their responsibilities, it became apparent that the TCNs were extremely deficient in their English skills. The Department of State notified MVM, INC., on December 2, 2005, of said deficiencies, with respect to the language qualification. (See Exhibit 1)

7. After notification by the Department of State, MVM, INC. began individually testing each of the TCNs for his level of fluency in English to determine if each TCN met the requirements of the 3D Contract.

8. An independent company, ALTA Language Services, Inc. (ALTA), conducted oral language proficiency tests to test the levels of the English language proficiency of each TCN. ALTA conducts such test in accordance with standard

methodology and scores the language proficiency tests using a 0-5 scale established by the Interagency Language Roundtable for reporting language proficiency.

9. An overwhelming majority of the TCNs (in excess of ninety (90%) percent) failed to meet the language requirements of the 3D Contract, as evidenced by the testing and as evidenced by MVM personnel at the location in Afghanistan. (See Exhibit 2) This personnel includes persons fluent in Spanish and who could communicate with the overwhelming majority of the TCNs only in Spanish, including the President of MVM, INC., Dario Marquez, Jr. (See Exhibit 3, Affidavit of Dario Marquez, Jr.)

10. By previous telephone calls, electronic mail and a letter, dated December 14, 2005, 3D was formally advised of the deficiencies in the qualifications of the TCNs. (See Exhibit 8)

11. On December 21, 2005, the United States Government declared its contract with MVM, INC. in default because of MVM's failure to complete transition from the previous contract and commence full performance by December 22, 2005. (See Exhibit 4)

12. The Plaintiff, 3D, is and was in breach of the 3D Contract in that the TCNs it supplied were not qualified at the appropriate level of English proficiency to perform the duties as security guards for the U.S. Embassy in Kabul, Afghanistan.

13. As a result of the failure by 3D to supply qualified TCNs under the 3D Contract, the U.S. Government terminated the Afghanistan Contract with MVM, INC.

14. Your Defendant, MVM, INC., lost substantial monies that have not been paid or reimbursed by the U.S. Government as a result of the termination. (See Exhibit 3, Affidavit of Dario Marquez, Jr.)

WHEREFORE, for the foregoing reasons, your Defendant, MVM, INC., a California Corporation, prays that the Plaintiff's Motion for Summary Judgment be dismissed, and for any further relief deemed appropriate by this Court.

                MVM, INC.
                a California Corporation

                By: /s/ Herbert S. Rosenblum, Esquire

HERBERT S. ROSENBLUM, ESQUIRE
D.C. Bar No. 093351
Counsel for Defendant
526 King Street, Suite 211
P.O. Box 58
Alexandria, Virginia 22313-0058
Telephone:  703/684-0060
Facsimile:  703/684-0072

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March 2008, I sent a true copy of the foregoing Response of MVM to Plaintiff's Motion for Summary Judgment by electronic mail and by First Class, Postage Pre-paid Mail of the foregoing Defendant's Response to Plaintiff's Motion to Compel to the following: Athan T. Tsimpedes, Esquire, 1420 New York Avenue, 7th Floor, Washington, DC 20005, and Douglas B. McFadden, Esquire, McFadden & Shoreman, LLC, 1420 New York Avenue, N.W., Suite 700, Washington, DC 20005.

          /S/_____
          HERBERT S. ROSENBLUM, ESQUIRE