IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

3D GLOBAL SOLUTIONS, INC.,

   *Plaintiff,*

  v.            Case No. 1:06cv00722 (GK)

MVM, INC.,

   *Defendant.*

### MVM, INC.'S OBJECTIONS AND ANSWERS TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

  MVM, Inc.'s ("MVM" or "Defendant"), by counsel, serves the following Objections and Responses Plaintiff's First Request for Production and states as follows:

### General Objections

  1.  MVM objects to Plaintiff's Requests, and its accompanying Definitions and Instructions to the extent such Definitions and/or Instructions exceed the scope of permissible discovery.

  2.  MVM objects to Plaintiff's Requests to the extent they call for the disclosure of: (i) information protected by the attorney client privilege; and (ii) information protected by the work product privilege.

  3.  MVM objects to the terms "you" and "your" on the grounds that they include MVM's attorneys and, as such, would call for the production of information or documents that are protected by the work product and attorney client privileges.

  5.  MVM objects to Plaintiff's multiple definitions of "identify". Such definitions are overly broad and unduly burdensome.

## REQUESTS FOR PRODUCTION

1.    All documents that you reviewed in drafting your Answer.

**ANSWER:**   MVM objects to this request on the grounds that it seeks information protected by the attorney work product doctrine and the attorney-client privilege. MVM further objects on the grounds that this request is vague and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because its scope could include documents that were not used to draft the Answer. Without waiving these objections, MVM states that it has enclosed documents responsive, if any, with these requests.

2.    All documents that you believe provides you a defense to any and all claims made by Plaintiff.

**ANSWER:**   MVM objects to this request on the grounds that it seeks information protected by the attorney work product doctrine and the attorney-client privilege. MVM further objects on the grounds that this request is vague and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because its scope could include documents that were not used to draft MVM's defenses and counterclaim. Without waiving these objections, MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

3.    All documents reviewed in preparing your counterclaim.

**ANSWER:**   MVM objects to this request on the grounds that it seeks information protected by the attorney work product doctrine and the attorney-client privilege. MVM further objects on the grounds that this request is vague and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because its scope could include

2

documents that were not used to draft MVM's defenses and counterclaim. Without waiving these objections, MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

4.    All documents that you contend or may contend, whether at trial or not, mitigate any damages alleged by Plaintiff.

**ANSWER:** MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

5.    All documents that establish the language requirement for all TCN's provided by Plaintiff in Kabul Afghanistan.

**ANSWER:** MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

6.    Please provide all documents that relate to the U.S. Government and the subject matter of Plaintiff's complaint.

**ANSWER:** MVM objects on the grounds that this request is vague, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because "documents that relate to the U.S. Government" contains documents that have no relationship to this litigation. Without waiving these objections, MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

3

7.    All documents that relate in any way to the subject matter of Plaintiff's complaint provided by the United States Government.

**ANSWER:** MVM objects on the grounds that this request is vague, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because "documents that relate to the U.S. Government" contains documents that have no relationship to this litigation. Without waiving these objections, MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

8.    All documents relating to any loss you alleged to have resulted from Plaintiff's conduct.

**ANSWER:** MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

9.    All documents establishing any testing for English proficiency for any TCN provided by Plaintiff in Kabul Afghanistan.

**ANSWER:** MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

10.    All documents that relate to Plaintiff's failure to provide TCN's that had satisfactory English.

**ANSWER:** MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

4

classified documents and/or information that is protected by the Trade Secrets Act, 18 U.S.C. § 1905, and therefore MVM will only produce these documents under an appropriate protective order of the Court. There are no documents responsive to this request.

18.    Please provide all documents relating to the method of determining a TCN's language criteria prior to September 26, 2005.

**ANSWER:**   MVM objects to this request on the grounds that it is vague and unclear because it does not define what "method of determining a TCN's language criteria." MVM is unable to reasonably respond to this request because it cannot determine what the request seeks.

19.    All documents referring or relating to the language requirement of all TCN's provided by Plaintiff or any one (sic) else to MVM in Kabul Afghanistan.

**ANSWER:**   MVM objects to this request on the grounds that it is overly broad and not calculated to lead to the discovery of admissible evidence.  The request calls for disclosure of classified documents and/or information that is protected by the Trade Secrets Act, 18 U.S.C. § 1905, and therefore MVM will only produce these documents under an appropriate protective order of the Court.  Without waiving these objections, MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

20.    All documents that demonstrate Plaintiff failed to provide TCN's with satisfactory level of English language proficiency as required under the contract.

**ANSWER:**   MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

7

21.   All tests or documents demonstrating the TCN's level of English language proficiency.

**ANSWER:** MVM is producing non-privileged documents responsive to this request to the extent MVM has them.


22.   All documents relating to the efforts you made determining any and all TCN's level of English language proficiency in Kabul Afghanistan.

**ANSWER:** MVM is producing non-privileged documents responsive to this request to the extent MVM has them.


23.   All documents relating to any notice and/or cure of any and all TCN's failure to meet any requirement of English language proficiency.

**ANSWER:** MVM is producing non-privileged documents responsive to this request to the extent MVM has them.


24.   All documents that relate, refer, respond or in anyway (sic) were reviewed to respond to any and all of the Request for Admissions submitted to Plaintiff.

**ANSWER:** MVM objects to this request on the grounds that it seeks documents that are protected by the attorney work product doctrine, and to the extent that it seeks information that is protected by the attorney-client privilege. Without waiving these objections, MVM is producing non-privileged documents responsive to this request to the extent MVM has them.

8

25.    All documents that relate to the administrative packages described in Plaintiff's complaint.

**ANSWER:**  MVM objects to this request on the grounds that it is overly broad.  This request also seeks documents that are also not reasonably calculated to lead to the discovery of admissible evidence because the scope of this request is not limited to MVM's alleged transfer of the administrative packages.  Without waiving these objections, MVM will make non-privileged, responsive documents available to 3D for inspection and copying.

Respectfully Submitted,

MVM, INC.

*By Counsel*

MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA  22101-3892
Tel:  (703) 712-5000
Fax:  (703) 712-5050

By:    _____

Sean F. Murphy (D.C. Bar No. 457599)
Anand V. Ramana (D.C. Bar No. 489478)

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2007, I served a true and correct copy of the foregoing document via overnight delivery and electronic mail on:

Athan T. Tsimpedes, Esq.
Law Offices of Athan T. Tsimpedes
7th Floor
1420 New York Avenue, N.W.
Washington, D.C. 20005
*Counsel for Plaintiff*

Douglas B. McFadden, Esq.
McFadden & Shoreman, LLC
1420 New York Avenue, N.W.
Suite 700
Washington, DC 20005
*Counsel for Plaintiff*

_____
Anand V. Ramana

\4369793.1

10

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

3D GLOBAL SOLUTIONS, INC.,

     *Plaintiff,*

    v.

MVM, INC.,

     *Defendant.*

Case No. 1:06cv00722 (GK)

### MVM, INC.'S OBJECTIONS AND ANSWERS TO
### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

MVM, Inc.'s ("MVM" or "Defendant"), by counsel, serves the following Objections and Responses Plaintiff's First Requests for Admission and states as follows:

### General Objections

1.    MVM objects to Plaintiff's Requests, and its accompanying Definitions and Instructions to the extent such Definitions and/or Instructions exceed the scope of permissible discovery.

2.    MVM objects to Plaintiff's Requests to the extent they call for the disclosure of: (i) information protected by the attorney client privilege; (ii) information protected by the work product privilege; and (iii) information otherwise protected by law.

3.    MVM objects to the terms "you" and "your" on the grounds that they include MVM's attorneys and, as such, would call for the production of information or documents that are protected by the work product and attorney client privileges.

5.    MVM objects to Plaintiff's multiple definitions of "identify." Such definitions are overly broad and unduly burdensome.

## REQUESTS FOR ADMISSION

1.    Do you admit that the contract between MVM and the U.S. Government in which Plaintiff provided TCN's to Kabul Afghanistan was terminated for convenience of the Government?

**ANSWER:** Admitted.


2.    Do you admit that MVM received approximately $3.5 million dollars pursuant to its Contract with the U.S. Government regarding services to Kabul, Afghanistan?

**ANSWER:** Denied.  MVM received no money from the State Department or any other part of the U. S. Government pursuant to MVM's contract with the State Department for the provision of guard services to the U.S. Embassy in Kabul, Afghanistan.  MVM did, however, receive approximately $3.5 million pursuant to a settlement agreement as partial payment of out-of-pocket expenses incurred by MVM.


3.    Do you admit that you never requested Plaintiff to replace any of the TCN's deployed to Kabul, Afghanistan?

**ANSWER:** Denied.


4.    Do you admit that you have failed to pay Plaintiff for the TCN's it provided in Kabul, Afghanistan?

**ANSWER:** Denied.

5.    Do you admit that you made payment to a party, other than 3D, for TCN's provided in Kabul Afghanistan.

**ANSWER:** Denied.

6.    Do you admit that non-plaintiff TCN's were in Kabul Afghanistan at the same time plaintiff provided its TCN's that you provided compensation?

**ANSWER:**    MVM objects to this request on the grounds that it is vague and ambiguous. 3D does not define the term "non-plaintiff TCN."

7.    Do you admit that (sic) hired a company to assess the language proficiency on each and every TCN provided to Kabul Afghanistan.

**ANSWER:** Admitted.

8.    Do you admit that a testing company you hired to perform the English level proficiency tests on the TCN's is not recognized by the Department of State to perform such testing?

**ANSWER:**    MVM objects to this request on the grounds that it is vague. 3D does not define the term "recognize," and, furthermore, MVM is unaware of any formal certification requirement that the Department of State imposes for use of private testing companies.

9.    Do you admit that the State Department did not terminate the Contract solely because of the TCN's provided by 3D?

3

**ANSWER:** MVM objects to this request on the grounds that it is vague because the State Department did in fact terminate the contract. Therefore, as phrased, the request is denied.

10.    Do you admit that there are no documents from the U.S. Government terminating the contract with MVM for Kabul Afghanistan because of 3D's TCN's lack of an adequate level of English language proficiency?

**ANSWER:** Denied.

11.    Do you admit that you made payment(s) for TCN's in Kabul Afghanistan?

**ANSWER:** Admitted to the extent that this request refers to payments made by MVM to 3D. Otherwise, this request is denied.

12.    Do you admit that the Department of State or the U.S. Government did not test the TCN's provided by 3D for the level of English language proficiency?

**ANSWER:** Denied.

13.    Do you admit that some of the TCN's provided by 3D in Kabul Afghanistan had the required level of English language proficiency?

**ANSWER:** Admitted. MVM admits that at least one but not more than ten of the TCNs provided by 3D in Kabul Afghanistan had the required level of English language proficiency.

14.    Do you admit that MVM had an employee in Lima, Peru who met with each and every TCN provided by 3D to Kabul Afghanistan?

4

**ANSWER:** MVM has made reasonable inquiry and the information known or readily available by MVM is insufficient to enable MVM to either admit or deny the request.

15.    Do you admit that the contract between Plaintiff and MVM regarding Kabul Afghanistan provided a provision to replace TCN's provided MVM makes such a request to Plaintiff?

**ANSWER:** Denied.

16.    Do you admit that there are no documents authored from the U.S. Government alleging that the TCN's provided by Plaintiff failed to meet any English level requirement.

**ANSWER:** Denied.

17.    Do you admit that al (sic) TCN's in Kabul Afghanistan were tested for their level of English language proficiency?

**ANSWER:** MVM objects on the grounds that it is overbroad because it is not limited to TCNs supplied by 3D or MVM.  MVM has made reasonable inquiry and the information known or readily available by MVM is insufficient to enable MVM to admit or deny the request.

18.    Do you admit that you did not provide notice to Plaintiff of any TCN's inadequate level of English language proficiency in November 2005?

**ANSWER:** Admitted, but MVM was not aware of TCN inadequacies at that time.

19.    Do you admit that Plaintiff never refused to provide a replacement for any of the TCN's it provided to you in Kabul Afghanistan.

**ANSWER:** Denied.


20.    Do you admit you never requested replacements for any of the TCN's plaintiff provided in Kabul Afghanistan?

**ANSWER:** MVM objects to this request on the grounds that it is duplicative of Request No. 3. Without waiving this objection, this request is denied.


21.    Do you admit that you did not inform Plaintiff you were negotiating a settlement with the U.S. Government regarding Kabul Afghanistan?

**ANSWER:** Denied.


22.    Do you admit to receiving compensation from the U.S. Government regarding Kabul Afghanistan?

**ANSWER:** MVM objects to this request on the grounds that it is duplicative of Request No. 2. MVM further objects to this request on the grounds that it is vague and unclear. 3D does not specify what about Kabul, Afghanistan compelled the U.S. Government to pay MVM, if anything.


23.    Do you admit to receiving TCN's from sources other than Plaintiff in Kabul Afghanistan?

6

**ANSWER:** MVM objects to this request on the grounds that it is vague. 3D does not specify whether this request is limited to work under the MVM-State Department contract for the provision of guards to the embassy in Kabul. To the extent that 3D seeks such a limited admission, that request is denied.

24.     Do you admit to transferring administrative packages to a third party?

**ANSWER:** Admitted.

25.     Do you admit to transferring or providing administrative packages to Plaintiff's competitors?

**ANSWER:** MVM objects to this request on the grounds that it is vague. Specifically, MVM does not define the term "competitors" with any reasonable certainty, so MVM cannot fairly admit or deny this request.

26.     Do you admit that you received compensation regarding the administrative packages provided by Plaintiff?

**ANSWER:** Denied.

7

27.    Do you admit that you never complained in writing about the TCN's English language proficiency to Plaintiff in November 2005?

**ANSWER:** MVM objects to this request on the grounds that it is duplicative of Request No. 18. Therefore, this request is admitted, but MVM was not aware of TCN inadequacies at that time.

Respectfully Submitted,

MVM, INC.

*By Counsel*

**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
McLean, VA 22101-3892
Tel: (703) 712-5000
Fax: (703) 712-5050

By:    _____
Sean F. Murphy (D.C. Bar No. 457599)
Anand V. Ramana (D.C. Bar No. 489478)

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2007, I served a true and correct copy of the foregoing document via overnight delivery and electronic mail on:

Athan T. Tsimpedes, Esq.
Law Offices of Athan T. Tsimpedes
7th Floor
1420 New York Avenue, N.W.
Washington, D.C. 20005
*Counsel for Plaintiff*

Douglas B. McFadden, Esq.
McFadden & Shoreman, LLC
1420 New York Avenue, N.W.
Suite 700
Washington, DC 20005
*Counsel for Plaintiff*

Anand V. Ramana

\4369925.1

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

3D GLOBAL SOLUTIONS, INC.,

     *Plaintiff,*

     v.                            Case No. 1:06cv00722 (GK)

MVM, INC.,

     *Defendant.*

### MVM, INC.'S OBJECTIONS AND ANSWERS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

    MVM, Inc.'s ("MVM" or "Defendant"), by counsel, serves the following Objections and Answers Plaintiff's First Set of Interrogatories and states as follows:

#### General Objections

    1.    MVM objects to Plaintiff's Interrogatories, and its accompanying Definitions and Instructions to the extent such Definitions and/or Instructions exceed the scope of permissible discovery.

    2.    MVM objects to Plaintiff's Interrogatories to the extent they call for the disclosure of: (i) information protected by the attorney client privilege; and (ii) information protected by the work product privilege.

    3.    MVM objects to the terms "you" and "your" on the grounds that they include MVM's attorneys and, as such, would call for the production of information or documents that are protected by the work product and attorney client privileges.

    5.    MVM objects to Plaintiff's multiple definitions of "identify". Such definitions are overly broad and unduly burdensome.

## INTERROGATORIES

1.    Please describe in detail how each TCN was determined to have or lack adequate English level language proficiency.

**ANSWER:** After the TCNs arrived in Kabul and began training for work on MVM's contract with the Department of State, through personal observation it became apparent to the USIS trainers, who had been contracted by MVM to conduct training for the TCNs in Kabul, Department of State personnel on site in Kabul, and MVM personnel on site in Kabul, that the overwhelming majority of TCNs did not possess the required level of English language proficiency. Subsequent to these observations and the December 2, 2005 cure letter from the Department of State to MVM, which referred to the lack of English language proficiency among TCNs, MVM utilized the services of ALTA Language Services, Inc. ("ALTA") to conduct oral language proficiency tests for each of the TCNs in Kabul. ALTA conducted such tests in accordance with their standard methodology and scored the language proficiency tests using the 0 to 5 scale established by the Interagency Language Roundtable for reporting language proficiency. For details regarding ALTA's language testing methodology, MVM refers 3D to the Rule 26(a)(2) expert witness report provided by Dr. Christopher S. Roosevelt of ALTA.


2.    Please describe in detail all efforts by Defendant to determine the level of English language proficiency for each TCN provided by Plaintiff to Kabul Afghanistan, including the name of each TCN, the method employed by MVM to determine such level of English language proficiency, when it occurred and by whom.

**ANSWER:** MVM objects to this interrogatory on the grounds that it is duplicative of Interrogatory No. 1. Without waiving this objection, MVM refers 3D to its answer to

2

Interrogatory No. 1. In addition, and pursuant to Rule 33(d) of the Federal Rules of Civil

Procedure, MVM refers 3D to the documents produced in the accompanying MVM, Inc.'s

Objections and Responses to Plaintiff's First Requests for Production of Documents, and, in

particular, the ALTA billing sheets with dates and times of the tests conducted. (MVM 00059-

00104 and MVM 00121-00329)

3.      Please describe in detail, including time, date and place, when each and every

TCN was determined to lack any level of the English language proficiency as required by the

agreement between MVM and Plaintiff, including who made such determination and the

methods used to make such determination.

**ANSWER:** MVM objects to this interrogatory on the grounds that it is duplicative of

Interrogatory No. 2. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, MVM

refers 3D to the documents produced in the accompanying MVM, Inc.'s Objections and

Responses to Plaintiff's First Requests for Production of Documents, and, in particular, the

ALTA billing sheets with dates and times of the tests conducted. (MVM 00059-00104 and

MVM 00121-00329)

4.      Please describe in detail all conduct you made towards the administrative

packages mentioned in Plaintiff's complaint.

**ANSWER:** MVM objects to this Interrogatory on the grounds that it is vague.

Specifically, 3D does not explain what "conduct you made towards . . . packages" means. MVM

cannot respond to this interrogatory because it is unclear what 3D is asking.

3

5.    Please describe in detail all facts that support any and all of your contentions in your counterclaim.

**ANSWER:**  MVM's sole counterclaim assertion is a breach of the September 26, 2005 contract. That contract specifically required 3D to supply TCNs that spoke specific levels of English, as measured by a standardized test. The contract further contemplates that the TCNs would be sent to Kabul, Afghanistan as part of MVM's obligations under a separate prime contract with the U.S. Department of State. That prime contract required MVM to provide TCNs that spoke the same level of English as required by the September 26, 2005 contract between MVM and 3D. 3D failed to provide TCNs that spoke the requisite level of English under the September 26, 2005 contract, and, as a result, the Department of State terminated MVM's contract. MVM is suing 3D because MVM sustained millions of dollars in damages as a direct and consequential result of 3D's failure to provide TCNs that spoke English as required by the September 26, 2005 contract.

6.    Describe in detail all facts that support your damages in you (sic) counterclaim.

**ANSWER:**  MVM's damages include approximately $7.5 million in lost profits and approximately $2 million (which is equal to $5.5 million in out-of-pocket expenses less the $3.5 million settlement payment from the U.S. Government), for a total of approximately $9.5 million in damages. MVM directs 3D to its Rule 26(a)(1) disclosures filed in this matter for a more detailed breakdown of damages calculations. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, MVM also refers 3D to the documents produced in the accompanying MVM, Inc.'s Objections and Responses to Plaintiff's First Requests for Production of Documents. (MVM 00330-00383)

4

7.    Describe in detail all facts that support the damages you suffered as alleged in your counterclaim.

**ANSWER:** MVM objects to this interrogatory on the grounds that it is duplicative of Interrogatory No. 6.

8.    Please describe in detail the level of English language proficiency required for each and every TCN you claim caused the termination of MVM's contract with the U.S. Government.

**ANSWER:** The contract between MVM and 3D required that all TCNs had the ability to speak English at Level 2. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, MVM refers 3D to the documents produced in the accompanying MVM, Inc.'s Objections and Responses to Plaintiff's First Requests for Production of Documents, and, in particular, the description of what constitutes Level 2 in the contract documents. (MVM 00059-00104 and MVM 00121-00329)

9.    Please describe in detail the level of English language proficiency actually had by each and every TCN you claim caused the termination of MVM's contract with the U.S. Government.

**ANSWER:** Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, MVM refers 3D to the documents produced in the accompanying MVM, Inc.'s Objections and Responses to Plaintiff's First Requests for Production of Documents, and, in particular, the ALTA and MVM

5

documents reflecting the English proficiency scores of each TCN tested. (MVM 00059-00104 and MVM 00121-00329)

10.    Please provide a copy of any and all contracts between MVM and the U.S. Government in which 3D performed or was to provide any work for MVM.

**ANSWER:** MVM objects to this interrogatory on the grounds that it seeks privileged and confidential information, and that it seeks trade secrets as defined by the Trade Secrets Act, 18 U.S.C. § 1905. Furthermore, MVM objects to this interrogatory on the ground that it is not reasonably calculated to lead to admissible evidence and because 3D has at all times been a vendor of recruiting services for MVM, and not a subcontractor providing deliverables under MVM's prime contracts with the U.S. Government.

11.    [*sic*]

12.    Please describe in detail the name of each and every TCN you allege failed to meet the English language requirement, including but not limited to when it was determined, the name of the TCN who did not meet such language requirement, who made the level of English language determination by MVM, whether MVM performed any test to determine the level of English language by each TCN, the name of the TCN.

**ANSWER:** MVM objects to this interrogatory on the grounds that it is duplicative of Interrogatory Nos. 1, 2, 8, and 9. Without waiving this objection, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, MVM refers 3D to its prior responses and the documents

6

produced in the accompanying MVM, Inc.'s Objections and Responses to Plaintiff's First Requests for Production of Documents. (MVM 00059-00104 and MVM 00121-00329)

13.    For each TCN alleged not to meet the English level language requirement, please describe in detail what occurred to that TCN thereafter, including whether such TCN was reassigned, employed, transferred or contracted with MVM or any other party.

**ANSWER:** After reviewing the results of ALTA's language proficiency tests, MVM sent language instructors to Kabul to conduct remedial language training in an effort to raise the TCNs' English-speaking ability to the contractually-required proficiency level. The language instructors and additional MVM personnel who were sent to aid in the remedial training personally observed that the TCNs did not possess the required level of English language proficiency. For identification and contact information for USIS personnel, language instructors, and MVM personnel in Kabul, MVM refers 3D to MVM's Rule 26(a)(1) initial disclosures. After the Department of State terminated MVM's contract, all TCNs were discharged from their employment with MVM and flown back to Peru at MVM's expense.

14.    Please describe in detail any and all action you taken (sic) regarding the administrative packages mentioned in Plaintiff's complaint, including but not limited to, whether the administrative packages were submitted, transferred, assigned, contracted or sold, and if so, describe the circumstances and all facts pertaining to the transaction.

**ANSWER:** Following the termination of MVM's contract with the Department of State, MVM was forced to release the TCNs from their employment with MVM and send the TCNs back to Peru. In an effort to assist the TCNs in finding new jobs as quickly as possible, MVM sent copies of background information and security questionnaires for the TCNs to 3D and to

7

Triple Canopy, a company which also provides security services to U.S. Government clients overseas. MVM did not receive payment in return for this information from 3D or Triple Canopy.

15. Please describe in detail any and all contact, directly or indirectly, with and relating to the administrative packages mentioned in Plaintiff's complaint.

**ANSWER:** MVM objects to this interrogatory on the grounds that it is vague. MVM cannot determine with any reasonable certainty what information 3D seeks by asking this interrogatory.

16. For each administrative package provided by Plaintiff relating to or pursuant to and all TCN's (sic) provided to MVM in Kabul Afghanistan, please state whether MVM assigned, transferred, contracted, or sold any administrative package to any party other than 3D, please state the name, address and phone number and identify all documents that relate to this interrogatory.

**ANSWER:** MVM objects to this interrogatory on the grounds that it is duplicative of Interrogatory No. 14 and because it is vague and unclear when this interrogatory asks "please state the name, address, and phone number and identify all documents that relate to this interrogatory."

Respectfully Submitted,

MVM, INC.

*By Counsel*

MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800

8

McLean, VA 22101-3892
Tel: (703) 712-5000
Fax: (703) 712-5050

By: _____

Sean F. Murphy (D.C. Bar No. 457599)
Anand V. Ramana (D.C. Bar No. 489478)

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2007, I served a true and correct copy of the foregoing document via overnight delivery and electronic mail on:

Athan T. Tsimpedes, Esq.
Law Offices of Athan T. Tsimpedes
7th Floor
1420 New York Avenue, N.W.
Washington, D.C. 20005
*Counsel for Plaintiff*

Douglas B. McFadden, Esq.
McFadden & Shoreman, LLC
1420 New York Avenue, N.W.
Suite 700
Washington, DC 20005
*Counsel for Plaintiff*

_Anand V. Ramana_

\4369793.1

10